[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTIONS TO OPEN SUMMARY JUDGMENT AND MOTIONS TO CONSOLIDATE ACTIONS
This case is predicated upon a claim by plaintiff Frank Perrelli that Coldwell Banker — a real estate agency — and Anthony Annunziato, its salesperson, improperly entered into a real estate sales contract with and later sold the property owned by Chris Texeira and Phyllis Texeira which he (the plaintiff) held a prior executed valid contract to sell. The plaintiff asserts further that the sale also was in violation of the Real Estate and Licensing Laws and Regulations of the State of Connecticut.
In seeking redress the plaintiff filed an administrative proceeding with the Department of Consumer Protection, as well as three law suits. The plaintiff has appeared pro se throughout most of the proceedings on his legal matters. CT Page 9889
The plaintiff first filed an administrative complaint with the Occupation and Licensing Division of the Connecticut Department of Consumer Protection on his claim that the defendant improperly sold the property because of the prior executed contract. By letter dated May 20, 2000, the Department of Consumer Protection informed Frank Perrelli that based upon its review it found no violation of Connecticut Real Estate Laws and Regulations, and that his ". . . remedy, if any, is a Civil Action against Coldwell Banker and possibly the sellers."
Thereafter Frank Perrelli filed the first of three lawsuits in an effort to seek redress for his claims. The first civil action is entitledFrank Perrelli v. Chris Texeira, Phyllis Texeira, Anthony Pulcinella andColdwell Banker Yankee Realty (No. CV 99 00 0432678, returned 12-7-99). On July 25, 2000 the Court (Owens, J.) granted a Motion for Summary Judgment in favor of defendants Coldwell Banker and Anthony Pulcinella, its President. In granting the motion the court stated the following:
 After an examination of plaintiff's letter of complaint to the Dept. of Consumer Protection and the response of plaintiff to request for admissions (4-19-00) the matter was litigated and determined by D.P.C. (See Crochiere v. Board of Ed. 227 Conn. 333 1993). It is further noted that plaintiff has not filed any documents, affidavits or authority in opposition to said motion. (Emphasis added.)
On August 4, 2000, the plaintiff filed a prose "Request for Reconsideration" (#125.50) in this case for the purpose of rearguing the granting of summary judgment. Plaintiff's counsel has filed a memorandum of law, dated March 7, 2000, in support of the reargument.
The file in the first case indicates that on September 7, 2000 the plaintiff filed a Motion for Summary Judgment to establish the liability of Chris and Phyllis Texeira — the sellers of the property. This motion was denied, without prejudice on October 23, 2000. On September 11, 2000 the plaintiff filed a paper entitled "Reconsideration." On October 30, 2000, the plaintiff filed a "Claim for Jury" form by which he requested a jury trial. On January 25, 2001 attorney Kathryn Emmett filed her appearance on behalf of the plaintiff. Apparently the trial will be limited to whether defendants Chris and Phyllis Texeira are liable to the plaintiff for selling their property during the time that it was under contract with the plaintiff.
Plaintiff's second lawsuit, naming Coldwell Banker and Anthony Pulcinella as defendants, was filed on August 16, 2000 in the Small Claims session. It was thereafter transferred to the regular docket of CT Page 9890 this Court, and assigned docket number CV 00 0443168. On January 3, 2001 the defendants Coldwell Banker Yankee Realty and Anthony Pulcinella filed a Motion for Summary Judgment on the basis of the granting of its earlier Motion for Summary Judgment in the first case and on the basis of the aforesaid ruling of the Department of Consumer Protection.
On January 25, 2001, attorney Kathryn Emmett filed her appearance on plaintiff's behalf in the second case. On February 5, 2001, attorney Emmett filed a Motion for Continuance and a Memorandum in Opposition to the defendants' Motion for Summary Judgment. The court granted the motion and extended the time to April 5, 2001. Defendant's Motion for Summary Judgment in the second case has not been reclaimed for argument or decision.
In this the third lawsuit the plaintiff names only Anthony Annunziato as a defendant. This case initially was filed in the Small Claims session on September 11, 2000. It was transferred to the regular docket of this court and assigned docket number CV 00 0444369. By motion dated November 22, 2000, defendant Anthony Annunziato sought summary judgment in his favor predicated upon Judge Owen's ruling in the first case (Perrelli v. Texeira, Pulcinella and Coldwell Banker Yankee Realty — no. CV 99 0432678)[1] This Court (Jones, J.) granted defendant Anthony Annunziato's Motion for Summary Judgment on January 8, 2001, citing as the basis therefor the decision of Judge Owens issued on July 25, 2000, and the arguments and exhibits attached to the defendants' Motion for Summary Judgment in the first case.
On January 25, 2001 attorney Kathryn Emmett filed her appearance on behalf of the plaintiff this case. On March 12, and she filed a Motion to Open the Court's Order granting Summary Judgment in this case.
The plaintiff through counsel filed in the first and third cases a Motion to Consolidate these three cases. The court hereby issues the following.
 ORDERS
1. The Motions to Consolidate the first, second and third cases (CV 99 0432678; CV 00 0444168; and CV 00 0444369) are granted;
2] All proceedings in the second case (CV 00 0444168) and the third case (CV 000444369) are hereby stayed pending the ruling of the trial judge on the Motion for Reconsideration, filed August 4, 2000, (for reargument) relative to the granting of summary judgment in the first case (CV 99 0432678) by the court (Owens, J). [As stated above plaintiff has obtained counsel who has filed a memorandum, dated March 7, 2001, in CT Page 9891 support of reargument.]
2] Each of the three cases is transferred to the trial judge who issued summary judgment in the first case for his review.
Clarance J. Jones, Judge